IN THE UNITED STATES DISCTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LIBERTY INSURANCE CORPORATION, § | | |
|     Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. _____ |
| OMNI CONSTRUCTION COMPANY, INC. and | § | |
| ODOM TEXAS DEVELOPMENT, LLC, | § | |
|     Defendants. | § | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Liberty Insurance Corporation ("Liberty") brings this Complaint for Declaratory Judgment against Defendant Omni Construction Company, Inc. ("Omni") and Defendant Odom Texas Development, LLC ("Odom") under 28 U.S.C. § 2201 and Fed. R. Civ. P. 57 and states as follows:

1.  This is an action to resolve an insurance coverage dispute. Liberty seeks a judgment declaring that certain liability insurance policies issued by it provide no coverage for any part of an award in favor of Odom and against Omni in an underlying arbitration proceeding, *Odom Texas Development, LLC v. Omni Construction Co., Inc.*, before a Construction Industry Arbitration Tribunal of the American Arbitration Association ("AAA"), AAA No. 01-19-0000-4525 (the "Underlying Arbitration"). Any such coverage is precluded by the absence of any "property damage" caused by an "occurrence" as required by the policies' insuring agreements, eliminated by the application of several policy exclusions, and barred by the policyholder's breach of various policy conditions.

2.  Liberty is entitled to declaratory relief under 28 U.S.C § 2201 and Fed. R. Civ. P. 57 because, in connection with the Underlying Arbitration, an actual controversy exists between

the Plaintiff and the Defendants regarding coverage under such insurance policies.

## PARTIES, JURISDICTION, AND VENUE

3. Liberty is an Illinois corporation with its principal place of business in Boston, Massachusetts. For purposes of subject matter jurisdiction based on diversity of citizenship, it is thus a citizen of Illinois and of Massachusetts. See 28 U.S.C. § 1332(c).

4. Omni is a non-operating Ohio corporation with its last-known principal place of business in Ohio. For purposes of subject matter jurisdiction based on diversity of citizenship, it is thus a citizen of Ohio. See 28 U.S.C. § 1332(c).

5. Omni may be served through its current or former president, Richard L. Stone, at 70 Stonewood Dr., Moreland Hills, Ohio 44022.

6. Odom is a Texas limited liability company with its principal place of business in Houston, Texas. According to publicly available records, the sole member of Odom is The Odom Organization, L.L.C., a Louisiana limited liability company with a principal place of business in Lafayette, Louisiana; the sole member of The Odom Organization, L.L.C., in turn, is Scott T. Odom, a natural person domiciled in Lafayette, Louisiana. For purposes of subject matter jurisdiction based on diversity of citizenship, Odom is thus a citizen of Louisiana.

7. Odom may be served at 1600 Post Oak Blvd., Suite 1704, Houston, Texas 77056.

8. This court has personal jurisdiction over Omni because this action and the Underlying Arbitration arise out of and relate to Omni's transaction of business in the State of Texas.

9. This court has personal jurisdiction over Odom because Odom is domiciled in the State of Texas and because this action and the Underlying Arbitration arise out of and relate to Odom's transaction of business in Texas.

10. This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between the Plaintiff and the Defendants and the amount in controversy exceeds $75,000.00. Specifically, the award in the Underlying Arbitration is in the amount of $5,670,153.12, plus prejudgment interest in the amount of $539,052.91 as well as post-judgment interest at the rate of 5.0% per annum from and after January 5, 2021.

11. Venue is appropriate in this forum pursuant to 28 U.S.C. § 1391 because Odom resides in this judicial district and a substantial part of the events giving rise to the Underlying Arbitration and this coverage dispute occurred in this judicial district.

## BACKGROUND

12. Odom filed its Specification of Claims in the Underlying Arbitration on or about May 20, 2019. A copy of Odom's Specification of Claims is attached as **Exhibit A**.

13. Odom alleged therein that it entered a general contract agreement with Omni dated April 17, 2017 (the "Agreement"); that Omni agreed to serve as the general contractor for the construction of the ALOFT Hotel in Shenandoah, Texas (the "Project") pursuant to the terms of the Agreement; and that Odom is the Project's owner.

14. Odom further alleged therein that Omni breached the Agreement by abandoning the Project prior to its completion, failing to comply with applicable Project plans and specifications, failing to pay subcontractors and suppliers, and otherwise causing construction delays.

15. Omni did not appear or take any action to defend itself in the Underlying Arbitration.

16. Omni did not ask Liberty to defend it in or otherwise notify Liberty of the

Underlying Arbitration.

17. A hearing took place in the Underlying Arbitration on December 8, 2020. A copy of Odom's post-hearing brief, *sans* exhibits, is attached as **Exhibit B**.

18. Odom asserted therein that Omni received a notice to proceed with construction on the Project on May 1, 2017; that the Agreement set a substantial completion deadline of July 1, 2018; and that Section 3.4 of the Agreement provided that Omni would pay Odom "liquidated damages in the amount of Five Thousand Dollars ($5,000) for each calendar day of delay in achieving substantial completion of the entire Work."

19. Odom also asserted therein that on January 18, 2018, Omni allegedly notified the project architect that it had installed lumber that was not fire retardant and that did not comply with the applicable code.

20. Odom further asserted therein that on February 14, 2018, the City of Shenandoah issued a stop work order due to Omni's failure to construct an access road for emergency vehicles; to provide an appropriate staging area for construction materials and equipment; and to provide a Stormwater Pollution Prevention Plan acceptable to the City of Shenandoah.

21. Odom asserted further therein that Omni thereafter walked away from the Project and took no steps to lift the Stop Work Order.

22. On or about January 5, 2021, the arbitrator in the Underlying Arbitration issued an award (the "Award") providing in part as follows:

> Omni Construction Co., Inc. shall pay to Odom Texas Development, LLC the sum of $5,670,153.12 as actual damages incurred by Odom Texas Development, LLC as a result of Omni Construction Co., Inc.'s breach of its Subcontract with Odom Texas Development, LLC (collectively the "Damages"). Odom's damages are the following:
>
> Liquidated Damages:               $4,450,000.00[1]
> Framing damage/defect removal costs:       $61,784.53

| | |
|---|---:|
| Framing and truss remediation costs: | $28,178.00 |
| Marriot[t] Gen 4 design revision costs: | $644,226.00 |
| Increase in design fees due to Marriott buyout. | $70,000.00 |
| Increase in architect fees due to changes: | $15,924.40 |
| Increase in insurance costs due to delays: | $85,920.00 |
| Sawcuts for electrical boxes: | $1,700.00 |
| Concrete pours for electrical boxes: | $1,250.00 |
| Installation of floor electrical boxes: | $1,850.00 |
| Project Management fees: | $114,237.50 |
| Project Management expenses: | $40,783.09 |
| Extended Site security | $51,079.00 |
| Extended Fence Security costs | $1,219.00 |
| Attorney's fees: | $102,001.60 |
| **TOTAL CLAIM:** | **$ 5,670,153.12** |

[1] (890 days x $5,000) July 1, 2017 through December 7, 2020.

A copy of the Award is attached as **Exhibit C**.

23. On information and belief, Odom seeks to have Liberty pay at least part of the Award. Specifically, Odom has filed in the District Court of Montgomery County, Texas and served upon a Liberty affiliate, Liberty Mutual Fire Insurance Company, a petition to depose the latter prior to suit pursuant to Rule 202 of the Texas Code of Civil Procedure (the "Petition"). A copy of the Petition is attached as **Exhibit D**. By its terms, the Petition seeks an order authorizing Odom to depose Liberty Mutual Fire Insurance Company (referred to therein alternately as "Liberty Mutual" or "Liberty") on the following topics:

    a.    Insurance coverage procured by Omni for [Odom] with regard to the Project;

    b.    The limitations of any applicable insurance coverage procured by Omni for [Odom] regarding the Project;

    c.    Any coverage provided to Omni by Liberty Mutual regarding the Project, whether general liability or umbrella coverage;

    d.    Correspondence between Omni and Liberty regarding the Project; and

> e.  Correspondence between Odom and Liberty Mutual regarding the Project and any responses to same.

## THE COMMERCIAL GENERAL LIABILITY POLICIES

24. For the period from January 28, 2017 to January 28, 2018 and for the period from January 28, 2018 to July 3, 2018, when cancelled, Liberty issued commercial general liability insurance policies to Omni as named insured (the "CGL Policies"). A copy of policy number TB7-Z51-291536-027 (the "2017-18 CGL Policy"), is attached as **Exhibit** E, and a copy of policy number TB7-Z51-291536-028 (including post-cancellation audit notice) (the "2018 CGL Policy"), is attached as **Exhibit F**.

25. The CGL Policies include the following provisions, which appear in the coverage form as amended by an endorsement in such policies:

> Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy.
>
> The words "we", "us" and "our" refer to the company providing this insurance. The word "insured" means any person or organization qualifying as such under Section **II** - Who Is An Insured.
>
> Other words and phrases that appear in quotation marks have special meaning. Refer to Section **V** - Definitions.
>
> **SECTION I - COVERAGES**
>
> **COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1.  Insuring Agreement**
>
> > a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. . . .
> >
> > b.  This insurance applies to "bodily injury" and "property damage" only if:
> >
> > > **(1)**  The "bodily injury" or "property damage" is caused by an

        "occurrence" that takes place in the "coverage territory";

**(2)** The "bodily injury" or "property damage" occurs during the policy period; and

**(3)** Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period. . . .

**2.** **Exclusions**

This insurance does not apply to . . . [:]

**b.** **Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

**(1)** That the insured would have in the absence of the contract of agreement; or

**(2)** Assumed in a contract or agreement that is an "insured contract" provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. . . .

**j.** **Damage To Property**

"Property damage" to . . . [:]

**(5)** That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

**(6)** That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it. . . .

Paragraph **(6)** of this exclusion does not apply to "property damage" included in the "products-completed operations hazard". . . .

**l.** **Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it

and included in the "products-complete operations hazard".

This exclusion does not apply if the damage work or the work performed out of which the damage arises was performed on your behalf by a subcontractor.

**m.** **Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)** A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

**(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use. . . .

**SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS** . . . .

**2.** **Duties In The Event Of Occurrence, Offense, Claim Or Suit**

**a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

**(1)** How, when and where the "occurrence" or offense took place;

**(2)** The names and addresses of any injured persons and witnesses; and

**(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.

**b.** If a claim is made or "suit" is brought against any insured, you must:

**(1)** Immediately record the specifics of the claim or "suit" and the date received; and

**(2)** Notify us as soon as practicable.

**c.** You and any other involved insured must:

**(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

**(2)** Authorize us to obtain records and other information;

**(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

  **(4)** Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply. . . .

**SECTION V – DEFINITIONS** . . . .

8. "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

  **a.** It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

  **b.** You have failed to fulfill the terms of a contract or agreement;

 if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contract or agreement. . . .

13. "Occurrence" means:

  **a**. With respect to "bodily injury" or "property damage", an accident, including continuous or repeated exposure to substantially the same general harmful conditions . . . .

16. "Products-completed operations hazard":

  **a.** Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

   **(1)** Products that are still in your physical possession; or

   **(2)** Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

    **(a)** When all of the work called for in your contract has been completed.

    **(b)** When all of the work to be done at the job site has been completed if your work calls for work at more than one job site.

    **(c)** When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

   Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as complete.

17. "Property damage" means:

  **a.** Physical injury to tangible property, including all resulting loss of

        use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

  **b.**  Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For purposes of this insurance, electronic data is not tangible property. . . .

**22.**  "Your work":

  **a.**  Means:

    **(1)**  Work or operations performed by your or on your behalf; and

    **(2)**  Materials, parts or equipment furnished in connection with such work or operations.

  **b.**  Includes:

    **(1)**  Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

    **(2)**  The providing of or failure to provide warnings or instructions.

26.    The CGL Policies also include the following provisions, which appear in the Property Damage - Occurrence Endorsement in such policies:

Notwithstanding any contrary law, "property damage" in the form of physical injury to "your work" arising out of it or any part of it and included in the "products-completed operations hazard" will be deemed to be caused by an "occurrence" if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

## THE COMMERCIAL LIABILITY - UMBRELLA POLICIES

27.    For the period from January 28, 2017 to January 28, 2018 and for the period from January 28, 2018 to July 3, 2018, when cancelled, Liberty also issued commercial liability - umbrella insurance policies to Omni as named insured (the "Umbrella Policies").  A copy of policy number TH7-Z51-291536-057 (the "2017-18 Umbrella Policy") is attached as **Exhibit G**, and a copy of policy number TH7-Z51-291536-058 (the "2018 Umbrella Policy") is attached as **Exhibit H**.

28. The Umbrella Policies include the following provisions, which appear in the coverage form of such policies:

> Throughout this policy the words "you" and "your' refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. "First Named Insured" means the person or organization shown as the Named Insured in the Declarations or, if more than one name appears, the Named Insured listed first in the Declarations.
>
> The words "we", "us" and "our" refer to the Company providing this insurance. The word "insured" means any person or organization qualifying as such under SECTION II - WHO IS AN INSURED.
>
> Other words and phrases that appear in quotation marks have special meaning. If not defined in the section in which they first appear, refer to SECTION V - DEFINITIONS.
>
> **SECTION I - COVERAGES**
>
> **1.    Insuring Agreement**
>
>     **a.**    We will pay those sums in excess of the "retained limit" that the insured becomes legally obligated to pay as damages because of:
>
>         **(1)**    "Bodily injury";
>
>         **(2)**    "Property damage"; or
>
>         **(3)**    "Personal and advertising injury";
>
>     to which this insurance applies. . . .
>
>     **b.**    We will have the right and duty to defend any "suit" seeking damages covered by this insurance, by counsel of our choice, when:
>
>         **(1)**    The total applicable limits of "underlying insurance" have been exhausted by payment of judgments or settlements; or
>
>         **(2)**    The damages sought because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies would not be covered by "underlying insurance" or "other insurance".
>
> However, we have no duty to defend any "suit" if any other insurer has a duty to defend all or a portion of that "suit". Our right and duty to defend any "suit", including any "suit" which is pending at the time of exhaustion, end when we have exhausted the applicable limit of insurance of this policy in the payment of judgments or settlements.
>
>     **c.**    This insurance applies only if:
>
>         **(1)**    The "bodily injury" or "property damage" occurs during the policy period or the "personal and advertising injury" is

     caused by an offense arising out of your business during the policy period;

  **(2)** The "bodily injury", or "property damage" or "personal and advertising injury" is caused by an "occurrence" that takes place anywhere in the world. . . .

  **(3)** Prior to the policy period, no insured listed under Paragraph **1.** of SECTION II – WHO IS AN INSURED and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. . . .

**2.** **Exclusions**

This insurance does not apply to . . . [:]

 **b.** **Contractual Liability**

  Any obligation of the insured by reason of the assumption of liability in a contract or agreement.

  This exclusion does not apply to liability for damage:

  **(1)** That the insured would have in the absence of the contract or agreement; or

  **(2)** Because of "bodily injury" or "property damage" assumed in a contract or agreement that is an "insured contract" provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contraction or agreement. . . .

 **l.** **Damage to Property**

  "Property damage" to . . . [:]

  **(5)** That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

  **(6)** That particular part of any property that must be restored, repaired, or replaced because "your work" was incorrectly performed on it. . . .

  Paragraph **(6)** of this exclusion does not apply to "property damage" included in the "products-completed operations hazard". . . .

 **n.** **Damage to Your Work**

  "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."

  This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a

    subcontractor.

 **o.** **Damage to Impaired Property or Property Not Physically Injured**

   "Property damage" to "impaired property" or property that has not been physically injured, arising out of:

   **(1)** A defect, deficiency, inadequacy, or dangerous condition in "your product" or "your work"; or

   **(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

   This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use. . . .

**SECTION IV - CONDITIONS** . . . .

**3.** **Duties in the Event of Occurrence, Claim or Suit**

 **a.** You must see to it that we are notified promptly of any "occurrence", which may result in a claim to which this insurance might apply, even if the insured must satisfy a "retained limit" before this insurance applies. To the extent possible notice should include:

   **(1)** How, when and where the "occurrence" took place;

   **(2)** The names and addresses of any injured persons and witnesses; and

   **(3)** The nature and location of any injury or damage arising out of the "occurrence".

 **b.** If a claim is made or "suit" is brought to which this policy may apply, you must see to it that we receive prompt written notice of the claim or "suit", even if the insured must satisfy a "retained limit" before this insurance applies. You must notify us if an applicable limit of "underlying insurance" is exhausted, even if we do not have a duty to defend.

 **c.** You and any involved insured must:

   **(1)** Immediately send us copies of any demands, notices, summonses, or legal papers received in connection with the claim or "suit"

   **(2)** Authorize use to obtain records and other information;

   **(3)** Cooperate with us in the investigation, settlement, or defense of the claim or "suit" . . . .

 As used in this Paragraph **3.**, promptly means as soon as practicable after knowledge of the "occurrence" has been reported to an "executive officer"

of the insured or to the "employee" designated by the insured to give us notice. . . .

**SECTION V - DEFINITIONS** . . . .

10. "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

   a. It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

   b. You have failed to fulfill the terms of a contract or agreement;

   if such property can be restored to use by:

   a. The repair, replacement, adjustment, or removal of "your product" or "your work"; or

   b. Your fulfilling the terms of the contract or agreement. . . .

15. "Occurrence" means:

   a. With respect to "bodily injury' or "property damage", an accident, including continuous or repeated exposure to substantially the same general harmful conditions . . . .

20. "Products-completed operations hazard":

   a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

      (1) Products that are still in your physical possession; or

      (2) Work that has not yet been completed or abandoned. "Your work" will be deemed completed at the earliest of the following times:

         (a) When all of the work called for in your contract has been completed.

         (b) When all of the work to be done at the site has been completed if your contract calls for work at more than one site.

         (c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

      Work that may need service, maintenance, correction, repair or replacement but which is otherwise complete, will be treated as completed. . . .

21. "Property damage" means:

   a. Physical injury to tangible property, including all resulting loss of

        use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

   **b.**   Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, "electronic data" is not tangible property. . . .

**24.**   "Retained limit" means as to each "occurrence":

   **a.**   The total applicable limits of the "underlying insurance" plus any applicable "other insurance".

        However, if the sum of the "underlying insurance" plus the "other insurance" is:

        **(1)**   Greater than the amount listed in the Declarations under the Schedule for that "underlying insurance", our "retained limit" will be the greater amount; or

        **(2)**   Less than the amount listed in the Declarations under the Schedule for that "underlying insurance", our "retained limit" will be the amount listed in the Schedule.

        The "retained limit" will be reduced by the amount by which the applicable "underlying insurance" has been reduced due to the reduction or exhaustion of the applicable aggregate limit of insurance by payment of judgments or settlements.

        The "retained limit" will not be reduced or exhausted by defense costs, loss adjustment expenses, supplementary payments or similar amounts that reduce or exhaust the policy limits of "underlying insurance"

        If some or all of the "underlying insurance" is not available due to breach of policy condition, our "retained limit" will be the amount listed in the Declarations under the Schedule for that "underlying insurance", plus "other insurance".

   **b.**   If there is no applicable "underlying insurance", our "retained limit" will equal the greater of the Self-Insured Retention shown in the Declarations or any applicable "other insurance".  The Self-Insured Retention will be reduced by Supplementary Payments we pay in the investigation or settlement of any claim, or in the defense of any "suit" against the insured we defend.  The Self-Insured Retention does not apply to "occurrences" that would have been covered by "underlying insurance" but for the exhaustion of applicable limits.

In calculating the extent to which the underlying aggregate limits have been reduced or exhausted, the "retained limit" in Paragraph **a.** above will be reduced only by payment of judgments or settlements because of "bodily

injury" and "property damage" that occurs during our policy period and "personal and advertising injury" that is caused by an offense arising out of your business during our policy period. . . .

**31.**   "Your work":

    **a.**   Means:

        **(1)**   Work or operations performed by you or on your behalf; and

        **(2)**   Materials, parts, or equipment furnished in connection with such work or operations.

    **b.**   Includes:

        **(1)**   Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

        **(2)**   The providing of or failure to provide warnings or instructions.

29.   The 2018 Umbrella Policy also includes the following provisions, which appear in the Property Damage – Occurrence endorsement in such policy:

> The Named Insured and Liberty Mutual expressly agree that notwithstanding any contrary law or decision, for purposes of coverage and the definition of "occurrence" under this policy, "property damage" in the form of physical injury to "your work" arising out of it or any part of it and included in the "products-completed operations hazard" shall be deemed to be caused by an "occurrence" if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

## COUNT I – DECLARATORY JUDGMENT
### No Coverage Under the CGL Policies

30.   Liberty repeats and incorporates the allegations of the previous paragraphs of this Complaint for Declaratory Judgment as if fully set forth herein.

31.   For the following reasons, neither of the CGL Policies provides any coverage for the Award:

    a)   The absence of any "property damage" within the meaning of the Coverage A insuring agreement of the CGL Policies precludes any coverage thereunder for the Award;

b) The absence of any "occurrence" within the meaning of the Coverage A insuring agreement of the CGL Policies precludes any coverage thereunder for the Award;

c) Exclusions **b.**, **j.**, **l.** and **m.** in Coverage A of the CGL Policies eliminate any coverage thereunder for the Award;

d) Omni's breach of conditions **2.a.**, **2.b.** and **2.c.** of the CGL Policies bars any coverage thereunder for the Award; and

e) The terms and conditions of the CGL Policies otherwise preclude or eliminate any coverage thereunder for the Award.

## COUNT II – DECLARATORY JUDGMENT
### No Coverage Under the Umbrella Policies

32. Liberty repeats and incorporates the allegations of the previous paragraphs of this Complaint for Declaratory Judgment as if fully set forth herein.

33. For the following reasons, neither of the Umbrella Policies provides any coverage for the Award:

a) The absence of any "property damage" within the meaning of the insuring agreement of the Umbrella Policies precludes any coverage thereunder for the Award;

b) The absence of any "occurrence" within the meaning of the insuring agreement of the Umbrella Policies precludes any coverage thereunder for the Award;

c) Exclusions **b.**, **l.**, **n.** and **o.** in the Umbrella Policies eliminate any coverage for the Award;

d) Omni's breach of conditions **3.a.**, **3.b.** and **3.c.** of the Umbrella Policies bars of any coverage thereunder for the Award; and

e) The terms and conditions of the Umbrella Policies otherwise preclude or eliminate

any coverage thereunder for the Award.

WHEREFORE, Plaintiff Liberty Insurance Corporation requests the entry of judgment (1) declaring that the none of the CGL Policies and the Umbrella Policies provides any coverage for any part of the Award in the Underlying Arbitration, and (2) awarding Liberty all other relief that this Court deems just and proper.

Dated:  June 29, 2021          Respectfully Submitted,

LIBERTY INSURANCE CORPORATION

*/s/ Mariah B. Quiroz*

Mariah B. Quiroz
Attorney-in-Charge
State Bar No. 24031714
Southern District Bar No. 598901
mquiroz@nicolaidesllp.com

NICOLAIDES FINK THORPE
        MICHAELIDES SULLIVAN LLP
2501 North Harwood Street, Suite 1210
Dallas, TX 75201
(469) 290-9040
(469) 290-9041 – FAX

**COUNSEL FOR PLAINTIFF
LIBERTY INSURANCE CORPORATION**