United States District Court
Southern District of Texas
**ENTERED**
June 09, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Liberty Insurance Corporation, | § § § | |
| *Plaintiff,* | § § § | Civil Action No. 4:21-cv-02119 |
| v. | § § | |
| Omni Construction Company, Inc. and Odom Texas Development, LLC, | § § § § § | |
| *Defendants.* | § | |

## **MEMORANDUM AND RECOMMENDATION**

Plaintiff Liberty Insurance Corporation ("Liberty") filed a Motion to Dismiss Odom Texas Development LLC's Counterclaim or, Alternatively, for a More Definite Statement (the "Motion"). Dkt. 13. For the following reasons, the Court recommends that Liberty's Motion be granted in part and that Odom's counterclaims be dismissed with prejudice.

## **Background**

This is an insurance coverage dispute. For the period between January 28, 2017 and January 28, 2018, Liberty issued a commercial general liability ("CGL") policy and an umbrella commercial liability policy to Defendant Omni Construction Company, Inc. ("Omni"). Dkt. 1 ¶¶ 24, 27. During that period,

1

Omni entered into a contract with Odom Texas Development LLC ("Odom"). Omni agreed to provide general contractor services in the construction of an ALOFT Hotel in Shenandoah, Texas, a project owned by Odom. *Id.* ¶ 13. As part of securing the contract, Omni provided Odom with proof of insurance in the form of a Certificate of Liability Insurance. Dkt. 9 ¶ 48. The Certificate reflected the Liberty CGL and umbrella policies for coverage in the amounts of $1,000,000 and $9,000,000, respectively. *Id.*

A dispute arose over Omni's performance of the general contractor agreement. Odom alleges that Omni breached that agreement by delaying and then abandoning the construction project, failing to pay subcontractors and suppliers, and installing subpar materials. Dkt. 1 ¶¶ 14, 18-21; Dkt. 9 ¶¶ 50-55. Odom sued Omni, initiating arbitration proceedings with the American Arbitration Association ("AAA") pursuant to the general contract agreement's arbitration provision. Dkt. 9 ¶¶ 65-68. Omni did not appear or take any action to defend itself, Dkt. 1 ¶ 15, nor did it notify Liberty of the arbitration and ask Liberty to defend it, *id.* ¶ 16. The tribunal found that Omni failed to appear and issued an award in favor of Odom for $5,670,153.12. *Id.* at Ex. C.

After the tribunal issued its award, Odom filed a petition in the District Court of Montgomery County, Texas, seeking a pre-suit deposition of Liberty's Texas affiliate. *Id.* at Ex. D. The petition listed topics on which it sought to depose the affiliate, including Liberty's coverage for Omni's work on the

ALOFT Hotel project, any limits on that coverage, and correspondences regarding the same. *Id.*; *see also id.* ¶ 23 (summarizing the petition).

Upon receiving this indication of a potential lawsuit, Liberty sued both Omni and Odom in this Court, seeking a declaratory judgment that neither Omni's CGL policy nor its umbrella policy covers the events at issue in the underlying arbitration. *Id.* at 18. Odom counterclaimed, seeking a declaratory judgment that Liberty did owe coverage over the events resolved in the underlying arbitration—and that Odom is entitled to payment from Liberty. *See generally* Dkt. 9 ¶¶ 40-64. Odom also brought a counterclaim against Liberty and a crossclaim against Odom for the confirmation of the AAA award. *Id.* ¶¶ 74, 81 (Odom's prayer for "[j]udgment against [Liberty and Omni] confirming the arbitration award"). Liberty filed a motion to dismiss both of Odom's counterclaims pursuant to Fed. R. Civ. P. 12(b)(6) or, alternatively, for a more definite statement pursuant to Fed. R. Civ. P. 12(e). Dkt. 16.

## Legal Standard

Claims should be dismissed pursuant to Rule 12(b)(6) if a party fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8's requirement of a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A complaint must contain "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555, for the principle that allegations must "raise a right to relief above the speculative level"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 at 678 (citing *Twombly*, 550 U.S. at 556). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier*, 503 F.3d at 401 (quotation marks and alteration omitted).

## Analysis

Liberty's motion seeks dismissal of Odom's counterclaims pursuant to Rule 12(b)(6) or, in the alternative, for a more definite statement of Odom's claims pursuant to Rule 12(e). *See* Dkt. 16. Addressing the latter request first, the Court concludes that more definite pleading is unnecessary because Liberty understands Odom's allegations. The Court agrees, however, that

Odom has not, and cannot, plead a plausible basis for relief. It therefore recommends dismissal of Odom's counterclaims without leave to amend.

## I. **Liberty's Request that Odom Plead Its Claims More Definitely Should Be Denied.**

With respect to Liberty's request for a more definite statement, the Court notes that Odom's counterclaim was pleaded vaguely, without specifying the causes of action or their enabling statutes. *See generally* Dkt. 9 ¶¶ 40-74 (labeling its allegations as "Counterclaim," with subheadings entitled "Insurance Coverage" and "Arbitration"). Despite Odom's imprecise pleading, Liberty was able to discern the nature and bases of Odom's counterclaims. *Compare* Dkt. 13 at 5-6 (describing Odom's counterclaim as a "coverage determination" that seeks to extend Omni's liability to Liberty; identifying Odom's invocation of the AAA award as an attempt to confirm it against Liberty), *with* Dkt. 16 at 8 ("Odom actually seeks a determination that it is legally entitled to recover under the policies as a third-party beneficiary considering its arbitration award against Omni, Liberty's insured.").

Given that Liberty characterized Odom's counterclaims in terms consistent with Odom's briefing, the allegations were not "so vague or ambiguous" that Liberty could not "reasonably prepare a response." Fed. R. Civ. P. 12(e). A more definite statement is therefore unnecessary.

## II. <u>Odom Has Not Pleaded Plausible Grounds for Relief.</u>

The Court then turns to the question of whether Odom's counterclaims state a plausible claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). Liberty argues that Odom's counterclaims should be dismissed because (i) Odom's declaratory judgment counterclaim is a mirror image of Liberty's claim; and (ii) Odom's request for confirmation of the AAA award is procedurally improper. The Court finds both arguments meritorious.

### A. Odom's declaratory judgment counterclaim should be dismissed as the mirror image of Liberty's claim.

Liberty urges the Court to dismiss Odom's declaratory judgment counterclaim as "duplicative" because it seeks the same coverage determination sought in Liberty's declaratory judgment claim. Dkt. 13 at 5-6 (citing Dkt. 1). Courts follow a three-step process to determine whether a declaratory judgment action should be dismissed. *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). "A federal district court must determine: (1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action." *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 387 (5th Cir. 2003) (discussing *Orix*, 212 F.3d at 895). "Courts have 'discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise

satisfies subject matter jurisdictional prerequisites.'" *United Prop. & Cas. Ins. Co. v. Davis*, 2019 WL 4054015, at *7 (S.D. Tex. Aug. 28, 2019) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995)).

Exercising that discretion, courts "typically dismiss declaratory judgment counterclaims that are mirror images of claims or that raise issues that turn on disputed facts that will be resolved in the underlying lawsuit." *Id.* at *8 (collecting cases where declaratory judgment actions were dismissed because they would naturally be resolved by resolution of the counterparty's declaratory judgment). The same practice extends to the context of dueling coverage-determination declaratory judgment actions. *See, e.g.*, *Burlington Ins. Co. v. Ranger Specialized Glass, Inc.*, 2012 WL 6569774, at *2-3 (S.D. Tex. Dec. 17, 2012) (dismissing an insured's declaratory judgment counterclaim against the insurer; the "declaratory judgment add[ed] nothing to [the] existing lawsuit"). Accordingly, this Court has discretion to dismiss Odom's counterclaim if it raises no issues beyond those implicated by Liberty's initial claim. *Albritton Props. v. Am. Empire Surplus Lines*, 2005 WL 975423, at *2 (N.D. Tex. Apr. 25, 2005) ("[A] defendant's counterclaim for declaratory judgment may be proper if it has greater ramifications than the original suit.").

Odom attempts to characterize Liberty's declaratory judgment action as "a simple determination of coverage" between Liberty and Omni. Dkt. 16 at 8. Odom acknowledges that it, too, requests a coverage determination, but

7

purports to distinguish its counterclaim as one that "actually seeks a determination that it is legally entitled to recover under the policies as a third-party beneficiary considering its arbitration award against Omni ...." *Id.* Put differently, Odom argues that its counterclaim resolves not only whether Liberty's CGL and umbrella policies cover Omni's actions, but also whether Odom may collect against those policies if coverage exists.

Odom's characterizations are distinct without being different. Liberty's claim implicates the same substantive rights as Odom's, based on the same underlying facts. Liberty initiated this lawsuit, naming both Omni and Odom as defendants. *See* Dkt. 1. It identified the CGL and umbrella policies issued to Omni, providing copies of those policies for the Court to determine whether the underlying events were covered. *Id.* ¶¶ 24-29; Exs. F, G. Liberty also alleged its knowledge of Odom's potential interest in the proceeds of Omni's policies. *Id.* ¶ 23 (Liberty's allegation that Odom's pre-suit deposition indicated Odom's interest in Omni's policies, policy limits, and work on the Odom ALOFT Hotel). Liberty filed this suit to resolve the dispute foreshadowed by Odom's state-court petition for pre-suit discovery—*i.e.*, the dispute over whether Liberty would owe coverage to Omni and the third-party whose alleged economic injuries arose out of Omni's work.

Under Odom's framing of Liberty's action as "simply [a] coverage determination" between Liberty and Omni, Odom would not be a proper

8

defendant in this suit. But case law authorized Liberty to pursue its claims against both Omni and Odom. *See Standard Acc. Ins. Co. v. Meadows*, 125 F.2d 422, 423 (5th Cir. 1942) (authorizing an insurer to seek declaratory relief against both "its insured and the plaintiff in a damage suit against its insured"); *see also, e.g.*, *Burlington Ins. Co.*, 2012 WL 6569774, at *1 (insurer initiated a coverage-determination declaratory judgment action against its policyholder and third-party). And Liberty cannot prevail against both defendants without negating Odom's assertions that it is entitled to benefits under Omni's policies with Liberty.

Accordingly, dismissal of Odom's declaratory judgment counterclaim is appropriate. It is the mirror image of Liberty's that "adds nothing" to this suit and "need not be permitted." *Burlington Ins. Co.*, 2012 WL 659774, at *2.

### B. Odom's counterclaim for confirmation of the AAA Award against Liberty should be dismissed.

Liberty also seeks dismissal of Odom's separate counterclaim for confirmation of the AAA award because it is procedurally improper under the Federal Arbitration Act ("FAA"). Dkt. 13 at 5. The Court agrees and recommends that Odom's counterclaim be dismissed.

#### 1. Liberty was not a party to the AAA award.

Liberty correctly notes that confirmation procedures are governed by the FAA, 9 U.S.C. § 1 *et seq.*, and that it was not an "adverse party" against whom

9

the arbitral award can be confirmed under 9 U.S.C. § 9. Dkt. 13 at 5. It is undisputed that Liberty was not named as a defendant in Odom's specification of claims and did not participate in the arbitration. Dkt. 9 ¶¶ 69-70 (alleging that Liberty's participation in the arbitration was "invited" but "Liberty neglected to participate"). Moreover, the AAA award, on its face, resolves only Odom's claims against Omni and makes no mention of Liberty or insurance. *See* Dkt. 1, Ex. C (AAA award).

Odom now "concedes that the FAA may prevent confirmation of the award against non-adverse parties." Dkt. 16 at 10. Odom cannot justify its attempt to invoke the confirmation procedures in 9 U.S.C. § 9 or § 13 that do not apply to Liberty. This deficiency alone warrants dismissing Odom's counterclaim seeking "confirmation" of the award.

> **2. Enforcement, not confirmation, is the proper procedure to hold any party liable for the damages awarded by AAA.**

Odom attempts to neutralize its concession by pivoting away from the text of the FAA. Odom insists that "Liberty should ultimately be liable for the arbitration award, and it should be precluded from challenging said award under collateral estoppel." *Id*. But Odom's counterclaim explicitly "petitions this Court to *confirm* the underlying arbitration award," Dkt. 9 at 4 (emphasis added); *see also id.* at 9, and "it is axiomatic that a complaint cannot be

amended by briefs in opposition to a motion to dismiss." *Hack v. Wright*, 396 F. Supp. 3d 720, 737 n.13 (S.D. Tex. July 5, 2019) (internal quotations omitted).

Moreover, Odom's recharacterization of its counterclaim seeks relief that the confirmation process cannot provide. Section 13 prescribes filing procedures for prevailing parties to confirm arbitral awards in court. 9 U.S.C. § 13. Confirming an award reduces it to a judgment that, "so entered shall have the same force and effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment in an action; and it may be enforced as if it had been rendered in an action in the courts in which it is entered." *Id.*; *see also Symetra Life Ins. Co. v. Rapid Settlements Ltd.*, 2007 WL 114497, at \*27 (S.D. Tex. Jan. 10, 2007), *aff'd*, 775 F.3d 242 (5th Cir. 2014) (unconfirmed arbitration awards are not subject to the Full Faith and Credit Clause, citing *McDonald v. City of W. Branch,* 466 U.S. 284, 287-88 (1984)).

A confirmation proceeding is thus a "summary proceeding of limited scope," and not a civil action subject to expansive litigation and counterclaims. *In re Exceed Int'l Ltd.*, 2014 WL 1761264, at \*9 (S.D. Tex. Apr. 30, 2014) (citing *Imperial Ethiopian Gov't v. Baruch-Foster Corp.,* 535 F.2d 334, 335 & n.2 (5th Cir. 1976)); *Merrill Lynch, Pierce, Fenner, & Smith, Inc. v. Steele*, 2008 WL 4455706, at \*2 (S.D. Tex. Sept. 26, 2008) ("A motion to confirm an arbitration award is a summary proceeding."). Because confirmation "merely makes what is already a final arbitration award a judgment of the court, … the court must

grant the award unless the award is vacated, modified, or corrected." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (internal citations and quotations omitted).

Odom's counterclaim far exceeds the proper scope of a confirmation proceeding. It purports to bind non-party Liberty to the underlying AAA award, *and* it was filed in a civil action where the issues being litigated address much more than modification, correction, or vacatur of the arbitral award.[1] Confirmation is not the appropriate vehicle to hold Liberty—or any party, including Omni—"ultimately ... liable for the arbitration award ...." Dkt. 16 at 10. Instead, the proper avenue for holding a party liable is to *enforce* an

---

[1] Liberty also argues that Odom's attempt to confirm the AAA award against Liberty fails because it was improperly raised as a counterclaim—not a motion. Dkt. 13 at 5. Liberty is correct that the relevant FAA provisions do not contemplate confirmation through the filing of a counterclaim. Section 6 of the FAA allows prevailing parties in arbitration to "apply to the court" for confirmation. 9 U.S.C. § 6 (Award of arbitrators; confirmation; jurisdiction; procedure). Section 13 further specifies the attachments that "[t]he party *moving* for an order confirming ... an award shall" file. *Id.* § 13 (emphasis added).

In limited instances, courts have confirmed arbitral awards where confirmation was requested in the first instance via a counterclaim. Those decisions did not analyze the procedural propriety of seeking confirmation via counterclaim, and the plaintiff's claims sought to invalidate or vacate the arbitral award. *See, e.g.*, *Laws v. Morgan Stanley Dean Witter Corp.*, 2005 WL 5329512, at *4 (S.D. Tex. June 3, 2005), *aff'd sub nom. L. v. Morgan Stanley Dean Witter*, 452 F.3d 398 (5th Cir. 2006) (confirming award when plaintiff's claims failed to raise a fact issue on vacatur); *Boerema v. MBNA Am. Bank, N.A.*, 2006 WL 8459789, at *1 (S.D. Tex. May 30, 2006) (confirming award when plaintiff failed to proffer evidence of impropriety by arbitrator). In other words, those counterclaimants sought to confirm their award in lawsuits where the enforceability of the award had already been disputed. That posture comports with the restriction that confirmation proceedings should be narrow and summary. *Merrill Lynch, Pierce, Fenner, & Smith, Inc.*, 2008 WL 4455706, at *2.

12

arbitration award that was *already confirmed*. *See* 9 U.S.C. § 13 (describing enforceability of a judgment following a confirmation proceeding); *Orion Shipping & Trading Co. v. E. States Petroleum Corp. of Pan., S. A.*, 312 F.2d 299, 301 (2d Cir. 1963) (holding that "an action to confirm the arbitrator's award cannot be employed as a substitute" for a substantive cause of action or enforcement); *see also infra* Part II.B.3. For this additional reason, Odom's counterclaim for confirmation of the award should be dismissed.

### 3. Odom cannot enforce the AAA award against Liberty.

Mistaken nomenclature is not the only problem with Odom's counterclaim for "confirmation." Even a refashioned counterclaim for "enforcement" of the arbitral award would not state a cognizable basis for relief. Odom has not confirmed the award against any party. Consequently, it cannot enforce the award against anyone in any court. *See McDonald*, 466 U.S. at 287-88 (unconfirmed awards are not made enforceable under the Full Faith and Credit Clause); 9 U.S.C. § 13. That is doubly true with respect to Liberty, a non-party against whom Odom must prove the enforceability of any eventual judgment. *See generally Nauru Phosphate Royalties, Inc. v. Drago Daic Ints., Inc.*, 138 F.3d 160, 166-67 (5th Cir. 1998) (addressing the standard for enforcing an arbitral award against nonparties in subsequent proceedings: "congruent interests which were properly advanced during the arbitration").

The Court therefore recommends dismissing Odom's second counterclaim. Odom did not and cannot state a claim that it is entitled to make Liberty "ultimately … liable for the arbitration award …." Dkt. 16 at 10.

### C. Amendment would be futile.

Finally, the Court recommends that Odom's counterclaims be dismissed without leave to amend. Although leave to amend is generally permitted under Rule 15(a), the Court can deny leave to amend if "the complaint as amended would be subject to dismissal." *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) (quoting *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 208 (5th Cir. 2009)); *see also Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are … unable to amend in a manner that will avoid dismissal.").

When a claim is futile, the court acts "within its discretion in denying leave to amend where the proposed amendment would be futile because it could not survive a motion to dismiss." *Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010); *see also Pervasive Software Inc. v. Lexware GmbH & Co.*, 688 F.3d 214, 232 (5th Cir. 2012). Whether amendment would be futile hinges on "the same standard of legal sufficiency

as applies under Rule 12(b)(6)." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000).

The Court finds Odom's counterclaims are futile because adding factual specificity or clarity would not make the amended counterclaims viable. As discussed in Part I *supra*, the substance of Odom's counterclaim for a declaratory judgment is a mirror-image of Liberty's claim, making it unnecessary. Amending the counterclaim to clarify Odom's allegations would not eliminate its redundancy, which would again merit its dismissal. *See, e.g.*, *United Prop.*, 2019 WL 4054015, at *7 (dismissing a mirror-image declaratory judgment counterclaim "with prejudice and without leave to amend, because amendment would be futile"); *see also Varela*, 773 F.3d at 707 (conventional first opportunity to amend is futile if the amendment would also be dismissed).

Likewise, as described in Part II *supra*, amended allegations would not make the AAA award any less unconfirmable or unenforceable against Liberty here. The FAA does not authorize confirmation of the award against Liberty— a non-party to the arbitration proceeding—nor does it permit Odom to inject the confirmation issue as a counterclaim in this suit. Without a prior judgment confirming the award, Odom also cannot enforce it against Liberty. No amount of repleading can rectify these deficiencies. Leave to amend is therefore futile.

## Recommendation

It is therefore **RECOMMENDED** that Liberty's Motion to Dismiss Odom's Counterclaim or, Alternatively, for a More Definite Statement (Dkt. 13) be **GRANTED IN PART AND DENIED IN PART**. It is **RECOMMENDED** that Liberty's request for a more definite statement be **DENIED**. It is further **RECOMMENDED** that the Court **DISMISS** Odom's counterclaims without leave to amend.

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.** *Ortiz v. City of San Antonio Fire Dep't***, 806 F.3d 822, 825 (5th Cir. 2015).**

Signed on June 9, 2022, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge