Case 4:21-cv-02119 Document 39 Filed on 06/15/22 in TXSD Page 1 of 13

United States District Court
Southern District of Texas
**ENTERED**
June 15, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| Liberty Insurance Corporation, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | Civil Action No. 4:21-cv-02119 |
| v. | § | |
| | § | |
| Omni Construction Company, Inc. and Odom Texas Development, LLC, | § § § | |
| | § | |
| *Defendants.* | § | |

## **MEMORANDUM AND ORDER**

Plaintiff Liberty Insurance Corporation ("Liberty") filed a Motion to Strike Odom Texas Development, LLC's Expert Disclosures (the "Motion"). Dkt. 29. For the following reasons, the Court grants Liberty's motion.

## **Background**

The full factual background is set forth in the June 9, 2022 Memorandum and Recommendation, which addressed Liberty's motion to dismiss Odom Construction Company, Inc.'s ("Odom") counterclaims. Dkt. 38. Briefly summarized, this is an insurance coverage dispute where Liberty seeks a declaration that it owes no duty to indemnify either its insured, Defendant Omni Construction Company, Inc. ("Omni"), or Odom for an arbitration award issued in Odom's favor and against Omni, for damages resulting from Odom's

1

deficient construction work. Dkt. 1 ¶¶ 13-16, 18-21, 23-24, 27; Dkt. 9 ¶¶ 48, 50-55, 65-68; *id.* at Exs. C, D. Odom counterclaimed, seeking a declaratory judgment that Liberty does owe coverage for the events resolved in the underlying arbitration—and that Odom is entitled to payment from Liberty. *See generally* Dkt. 9 ¶¶ 40-64. Odom also asserted a counterclaim against Liberty and a crossclaim against Odom for the confirmation of the AAA award. *Id.* ¶¶ 74, 81 (Odom's prayer for "[j]udgment against [Liberty and Omni] confirming the arbitration award").

Liberty filed a motion to dismiss both of Odom's counterclaims pursuant to Fed. R. Civ. P. 12(b)(6) or, alternatively, for a more definite statement pursuant to Fed. R. Civ. P. 12(e). Dkt. 16. The Court recommended that Odom's counterclaims be dismissed with prejudice. Dkt. 38 (Memorandum and Recommendations).

Before that Memorandum was issued, Liberty moved to strike Odom's expert disclosures pursuant to Rules 26 and 37. Dkt. 29. Liberty argued that Odom's disclosure of Jerid Colwell and Paul Kao were deficient under Rule 26(a)(2) and should therefore be stricken under Rule 37(c). *Id.* Liberty also sought to exclude Colwell and Kao's testimony as irrelevant pursuant to Fed. R. Evid. 402. *Id.* Responsive briefing was filed, Dkts. 30 (Odom's response), 32 (Liberty's reply), and the Motion is ripe for this Court's review.

## Legal Standard

"Rule 26(a)(2) separates experts into two types: those who must provide an expert report under Rule 26(a)(2)(B) and those who are exempt from the expert report requirement under Rule 26(a)(2)(C)." *Carr v. Montgomery Cnty., Tex.*, 2015 WL 5838862, at *2 (S.D. Tex. Oct. 7, 2015) (citing Fed. R. Civ. P. 26(a)(2)).  An expert witness must provide a written report "if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B).  If an expert witness was not retained or specially employed, she need not provide a written report, but must disclose "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and a summary of the facts and opinions to which the witness is expected to testify."  Fed. R. Civ. P. 26(a)(2)(C)(i)-(ii) (numeration omitted).

When a party fails to comply with the disclosure requirements of Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).  If the failure to disclose was neither substantially justified nor harmless, the sanction is "self-executing and automatic." *Carr*, 2015 WL 5838862, at *4 (citing Fed. R. Civ. P. 37(c)(1), Advisory Comm. Note (1993)) (internal quotation omitted).

## Analysis

I.   **Odom's Expert Disclosures Fail to Comply with Rule 26(a)(2).**

Odom designated Mr. Jerid Colwell and Mr. Paul Kao as expert witnesses. *See* Dkt. 12 (then-current scheduling order). The entirety of Odom's disclosures for these experts is provided below:

- "Mr. Colwell will be tendered as an expert in the areas of construction practices, costs, and construction estimating, Stonewall's work to inventory the work site of usable materials, the value of those materials, and to compare (sic) the value of work completed with the final pay application and damaged property resulting from Omni's work and its abandonment of work." Dkt. 29-1 at 2.

- "Mr. Kao will be tendered as an expert in architecture. He will testify as the architect of record regarding damages sustained as a result of Omni's breach of contract and the work necessary to remediate damages." *Id.* at 3.

Odom's disclosures were made pursuant to "Rule 26(a)(2)(A)," Dkt. 29-1 at 1, and thus did not indicate whether Odom considered Colwell and Kao to fall within Rule 26(a)(2)(B)'s requirements for experts who must provide a written report or Rule 26(a)(2)(C)'s requirements for experts who are exempt from that requirement. In response to Liberty's motion, however, Odom argued that its experts "were not retained or specially employed to provide expert testimony in this case, nor are they 'one whose duties as the parties' employee regularly involves giving expert testimony.'"[1] Dkt. 30 at 3. Odom

---

[1] Odom does not contend that its disclosures satisfy the requirements of Rule 26(a)(2)(B). Nor could Odom credibly do so, given that its disclosures consist of

4

further argued that Colwell and Kao's "involvement in the underlying construction project" that led to this coverage dispute exempted them from the requirements of Rule 26(a)(2)(B).

The nature and extent of Colwell and Kao's involvement in the project are not readily apparent on the face of Odom's disclosures. *See* Dkt. 29-1 (Odom's expert disclosures). The disclosures do not indicate whether Colwell and Kao—who are employed by third-parties Stonewall Constructors and TDCK Architects, respectively—were specially retained to testify in this case. *Id.* Thus, the disclosures themselves do not support Odom's contentions that Colwell and Kao are mixed fact and expert witnesses who need not supply a written report. *Compare Carr*, 2015 WL 2015 5838862, at *4 (quoting Fed. R.

---

nothing more than cursory, topical descriptions. In contrast, written expert reports must include:

(i)     a complete statement of all opinions the witness will expert and the basis and reasons for them;

(ii)     facts or data considered by the witness in forming them;

(iii)     any exhibits that will be used to summarize or support them;

(iv)     the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v)     a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi)     a statement of the compensation to be paid for the study and testimony in the case."

Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi).

5

Civ. P. 26(a)(2)(C), Advisory Comm. Note (2010), for principle that witnesses providing both fact and expert testimony, such as treating "physicians or other health care professionals" need not supply an expert report).

Odom's expert designations are deficient even if they are properly governed by Rule 26(a)(2)(C). For non-retained witnesses, Odom must disclose "the subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions to which the expert is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). The "summary of facts and opinions" requirement includes "a brief account of the main opinions of the expert," which "must state a view or judgment regarding a matter that affects the outcome of the case." *Carr*, 2015 WL 5838862, at \*2 (quoting *Tolan v. Cotton*, 2015 WL 5332171, at \*6 (S.D. Tex. Sept. 14, 2015) (internal citations omitted)).

Odom failed to disclose any opinions that Colwell or Kao may provide. Rather, Odom provided only "[a] mere statement of the topics" that is insufficient to satisfy Rule 26(a)(2)(C). *Id.* Odom's disclosures, even viewed in light of Colwell and Kao's *curricula vitae*, gave Liberty no notice of forthcoming expert opinions—and especially no understanding of their factual basis. Odom failed to comply with its disclosure obligations under Rule 26(a)(2).

6

## II. Odom's Expert Testimony Should Be Excluded under Rule 37.

The Court now examines whether Odom's failure to comply with Rule 26(a)(2) was substantially justified or harmless. *See* Fed. R. Civ. P. 37(c)(1). If Odom's failure was neither, it will automatically be precluded from offering Colwell and Kao's testimony in a motion, at a hearing, or at trial. Fed. R. Civ. P. 37(c)(1), Advisory Comm. Note (1993). The Court considers four factors when evaluating Odom's failure was substantially justified or harmless: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Primrose Operating Co. v. Nat'l Am. Ins. Co.,* 382 F.3d 546, 563-64 (5th Cir. 2004) (citation and internal quotation marks omitted).

### A. Odom's proffered expert testimony is not important.

First, the Court evaluates the importance of Colwell and Kao's testimony to this dispute. The Court has recommended that Odom's counterclaims be dismissed with prejudice. Dkt. 38. But even assuming that recommendation is not adopted, Odom's proffered expert testimony would be extraneous.

According to Odom, its counterclaims seek both "a declaration that there is, in fact, insurance coverage under the Liberty policies and that Liberty is liable to Odom for all damages" and "to confirm the [arbitration] award it obtained against Omni with respect to both Omni and Liberty." Dkt. 30 at 2.

7

Provided that these counterclaims remain pending, Odom argues that "the facts of the underlying case and the testimony of experts relating to the same is highly relevant to coverage."[2] *Id.* at 6.

Odom is wrong about the importance of its expert witnesses with respect to its counterclaims. First, Colwell and Kao could not proffer helpful expert testimony in a coverage dispute because the "[i]nterpretation of an insurance policy is a question of law." *Royal Ins. Co. of Am. v. Hartford Underwriters Ins. Co.*, 391 F.3d 639, 641 (5th Cir. 2004) (citing *Gladney v. Paul Revere Life Ins. Co.*, 895 F.2d 238, 241 (5th Cir. 1990)); *Lyda Swinerton Builders, Inc. v. Okla. Sur. Co.*, 903 F.3d 435, 445 (5th Cir. 2018) (determination of coverage under a CGL policy "is a question of law"). Colwell's and Kao's testimony would not bear on the legal analysis of coverage, even if these experts were timely and thoroughly disclosed.

Likewise, the experts' proffered testimony would have no importance to Odom's ability to confirm its underlying arbitration award against Liberty. A confirmation proceeding is a "summary proceeding of limited scope"—not a

---

[2] Odom insists that its experts' opinions on coverage are "important and highly relevant," and "[t]herefore Liberty's arguments under Federal Rule of Civil Procedure 37(c) and Federal Rule of Evidence 402 are both without merit." Dkt. 30 at 6. Odom thus offers a combined argument for relevance under Fed. R. Evid. 402 and importance under Fed. R. Civ. P. 37(c)(1). Since the Court finds that Odom's arguments fail on procedural grounds pursuant to Fed. R. Civ. P. 26 and 37, it need not rule on the admissibility of the proffered testimony under Fed. R. Evid. 402.

civil action subject to expansive litigation and counterclaims. *In re Exceed Int'l Ltd.*, 2014 WL 1761264, at *9 (S.D. Tex. Apr. 30, 2014) (citing *Imperial Ethiopian Gov't v. Baruch-Foster Corp.*, 535 F.2d 334, 335 & n.2 (5th Cir. 1976)); *Merrill Lynch, Pierce, Fenner, & Smith, Inc. v. Steele*, 2008 WL 4455706, at *2 (S.D. Tex. Sept. 26, 2008) ("A motion to confirm an arbitration award is a summary proceeding."). Neither Colwell's construction opinions nor Kao's architecture and damages opinions inform Odom's compliance with the statutory requirements for confirmation under the Federal Arbitration Act. *See* 9 U.S.C. §§ 9 (Awards of arbitrators; confirmation; jurisdiction), 13 (Papers filed with order on motions; judgment; docketing; force and effect; enforcement). Under the first factor, the importance of Odom's proffered experts does not warrant excusing Odom's deficient disclosures.

### B. Liberty was prejudiced by Odom's expert disclosures.

The Court also considers whether Liberty was prejudiced by Odom's cursory expert designation. Liberty may be prejudiced by deficient expert disclosures, even if Colwell and Kao's testimony were highly important. *See Geiserman v. MacDonald*, 893 F.2d 787, 792 (5th Cir. 1990). In fact, the "claimed importance of an expert underscores the need for [Odom] to have timely designated [Colwell and Kao] so that [Liberty] could prepare for trial." *Id.*; *Bradley v. United States*, 866 F.2d 120, 125 (5th Cir. 1989) (holding that

failure to adequately disclose an expert witness was prejudicial and put the other side "at a distinct disadvantage").

Odom's failure to disclose Colwell or Kao's specific opinions, and the factual bases thereof, prejudiced Liberty. Even if Liberty had done what Odom now advises—sifted through the arbitration record—it remains unclear what their opinions in *this* lawsuit would be. The disclosures do not show how these witnesses' forthcoming opinions conceivably support Odom's coverage-determination and arbitration-confirmation arguments. *See generally* Dkt. 29-1. As a result, Liberty could not meaningfully prepare for expert depositions and trial. This prejudice cuts against Odom under the second factor.

### C. Odom cannot supplement its expert disclosures without a continuance.

Next, the Court notes that the close of discovery was March 31, 2022, when this Motion was filed. Dkt. 12. The Court has since amended the scheduling order to extend discovery until June 30, 2022, with an anticipated November 7, 2022 trial date. Dkt. 36. Under these deadlines, Odom's disclosures could be supplemented in advance of June 30—giving Liberty about two weeks to prepare for and take Colwell and Kao's depositions—or the Court could grant a further continuance to account for Odom's supplemental disclosures. Neither outcome advances the interests of fairness.

Supplemental disclosures are "not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information." *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 571 (5th Cir. 1996). Odom was aware of—and, indeed, timely met—the February 14, 2022 deadline to disclose its experts. *See* Dkt. 12 (then-current scheduling order). But Odom made no meaningful attempt to comply with Rule 26(a)(2)(C). *See* Dkt. 29-1. Rather than supplementing its disclosures, Odom opposed Liberty's motion to strike and insisted that any Rule 26-like information is "readily available for Liberty to review" vis-à-vis the "arbitration documents." Dkt. 30 at 7.

Odom's knowing disregard of its obligations under Rule 26(a)(2) counsels against extending Odom's deadline. Delays and amendments to the scheduling order are prejudicial—especially in instances like this, where Liberty (the plaintiff) seeks to proceed quickly and efficiently to dispositive motion practice. *See* Dkt. 32 at 5 (Liberty's reply discussing the prejudice of delay); *see also Carr*, 2015 WL 5838862, at *4 (delay can be considered sufficient prejudice and grounds for striking experts). The Court declines to subject Liberty to such prejudice of delay just to extend Odom's timeline to do that which it has resisted doing. Accordingly, the third factor also weighs against Odom.

**D. Odom's failure to comply with Rule 26(a)(2) lacked justification.**

Finally, Odom argued that "disclosures were justified considering the availability of additional details in the underlying arbitration documents." Dkt. 30 at 5. This justification for providing wholly inadequate descriptions is unpersuasive. The Rules do not contemplate an exception for expert disclosures where related litigation has taken place. Nor do they condition the requirements for expert disclosures on the "availability" of information (or lack thereof) about the proffered experts, much less on information from other, extrinsic sources. Odom cites no authority suggesting that a related arbitration—to which Liberty was not a party—could supplant Rule 26(a)(2) and provide adequate information for "opposing counsel to anticipate the expert's testimony and make decisions about how to approach that expert." *Carr*, 2015 WL 5838862, at *4 (citing *Cont'l Cas. Co. v. F-Star Prop. Mgmt., Inc.*, 2011 WL 2887457, at *7 (W.D. Tex. July 15, 2011)). Odom's failure to comply with Rule 26(a)(2) was unjustified under the fourth factor.

*   *   *   *

Having weighed all four factors, the Court finds that Odom's failure to comply with Rule 26(a)(2)(C) was not substantially justified or harmless. Odom's designations of Jarid Colwell and Paul Kao as expert witnesses are therefore stricken.

## Conclusion

For the foregoing reasons, the Court finds that Odom's expert disclosures failed to comply with Rule 26(a)(2) and should be excluded pursuant to Rule 37(c)(1).  It is therefore **ORDERED** that Liberty's Motion to Strike Odom Texas Development, LLC's Expert Disclosures (Dkt. 29) is **GRANTED**.  The expert testimony of Jerid Colwell and Paul Kao is hereby **EXCLUDED** from use in motions, at hearings, and at trial.

Signed on June 15, 2022, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge