UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LIBERTY INSURANCE CORPORATION, § § Plaintiff, § § VS. § § OMNI CONSTRUCTION COMPANY, § INC., *et al.*, § § Defendants. § § § | CIVIL ACTION NO. 4:21-CV-02119 |

## ORDER

Before the Court are United States Magistrate Judge Yvonne Y. Ho's Memorandum and Recommendation filed on September 23, 2022 (Doc. #48), Defendant Odom Texas Development, LLC's Objections (Doc. #49), and Plaintiff's Response (Doc. #53). The Magistrate Judge's findings and conclusions are reviewed de novo. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Having reviewed the parties' arguments and applicable legal authority, the Court adopts the Memorandum and Recommendation as this Court's Order.

Notably, this Court finds that Article 21.42 of the Texas Insurance Code ("Article 21.42") does not apply to this insurance coverage dispute. "Article 21.42 provides by its terms that any contract of insurance between a Texas resident and any insurance company which is doing business in Texas is to be governed by Texas law." *Howell v. Am. Live Stock Ins. Co.*, 483 F.2d 1354, 1359 (5th Cir. 1973). "For [Article 21.42] to apply, the insurance proceeds must be payable to a Texas citizen, the policy must be issued by a company doing business in Texas, and the policy must arise in the course of the insurance company's Texas business." *Hefner v. Republic Indem.*

*Co. of Am.*, 773 F. Supp. 11, 13 (S.D. Tex. 1991). Under Texas law, a corporation is a citizen of the state where it is incorporated. *Reddy Ice Corp. v. Travelers Lloyds Ins. Co.*, 145 S.W.3d 337, 342 (Tex. App.—Houston [14th Dist.], 2004, pet. denied). The insurance contracts at issue here were executed between Plaintiff Liberty Insurance Corporation and Defendant Omni Construction Company, Inc. ("Defendant Omni") in Ohio, where Defendant Omni was incorporated. Doc. #41, Ex. 2–5. Defendant Omni is an Ohio citizen. Thus, the insurance proceeds here were payable to an Ohio citizen, not a Texas citizen. Although Plaintiff does business in Texas, the contracts in this matter did not arise from Plaintiff's in-state business. Doc. #47 at 4. Therefore, Texas law does not apply to this matter as required by Article 21.42. Instead, Ohio law governs as the place where the contracts were made. *See* Doc. #41, Ex. 2–5; *Howell*, 483 F.2d at 1359 (finding that the law of the state where the contract was made applies).

Accordingly, Plaintiff's Motion for Summary Judgment (Doc. #41) is GRANTED. The Court hereby DECLARES that Plaintiff owes no coverage for the January 5, 2021 arbitration award issued against Defendant Omni and in favor of Defendant Odom Texas Development, LLC, under the commercial general liability policies (Nos. TB7-Z51-291536-027 and TB7-Z51-291536-028) and umbrella policies (TH7-Z51-291536-057 and TH7-Z51-291536-0580) issued to Defendant Omni.

It is so ORDERED.

_____
JAN 1 2 2023
Date

_____
The Honorable Alfred H. Bennett
United States District Judge